USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/28/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

Case No. 08-cv-00411-NRB

IN RE AMBAC FINANCIAL GROUP, INC.
SECURITIES LITIGATION

---------------------------------------------------------x

**JUDGMENT APPROVING CLASS ACTION**
**SETTLEMENT WITH THE UNDERWRITER DEFENDANTS**

WHEREAS, the Lead Plaintiffs in the Action, the Public School Teachers' Pension & Retirement Fund of Chicago, Arkansas Teacher Retirement System, and Public Employees' Retirement System of Mississippi; and Plaintiff Painting Industry Insurance and Annuity Funds (collectively "Plaintiffs"), on behalf of themselves and the members of the Class (as hereinafter defined), and Citigroup Global Markets, Inc., UBS Securities LLC, Goldman, Sachs & Co., J.P. Morgan Securities Inc., HSBC Securities (USA) Inc., Merrill Lynch, Pierce, Fenner, & Smith Incorporated, and Wachovia Capital Markets, LLC, now known as Wells Fargo Securities, LLC (collectively, the "Underwriter Defendants" and, together with the Lead Plaintiffs, the "Settling Parties") entered into a Stipulation of Settlement between Lead Plaintiffs and the Underwriter Defendants dated as of May 4, 2011 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted in the above-referenced litigation (the "Action") against the Underwriter Defendants on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement"); and

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation; and

WHEREAS, by Order dated June 14, 2011 (the "Preliminary Approval Order"), this Court (a) preliminarily approved the Settlement and certified a Class solely

for purposes o f effectuating the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity either to exclude themselves from or to object to the proposed Settlement, and (d) scheduled a hearing regarding final approval of the Settlement; and

WHEREAS, due and adequate notice has been given to the Class; and

WHEREAS, the Court conducted a hearing on September 28, 2011 to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable and adequate and should therefore be approved; and (ii) whether a judgment should be entered dismissing the Action with prejudice as against the Underwriter Defendants (the "Settlement Hearing"); and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the proposed Settlement, and the record in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction:** The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Class Members.

2. **Incorporation of Settlement Documents:** Thi s Judgment Approving Class Action Settlement with the Underwriter Defendants incorporates and makes a part hereof: (a) the Stipulation filed with the Court on May 6, 2011; and (b) the Notice and the Publication Notice, both of which were filed with the Court on August 24, 2011.

3. **Class Findings:** With respect to the Class set forth below, this Court finds only for the purpose of effectuating this Settlement and only as pertains to the claims asserted against the Underwriter Defendants by Lead Plaintiffs and the Class that the prerequisites for a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Class are so numerous that their joinder would be impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Class; (d) Plaintiffs and their counsel, Bernstein Litowitz Berger & Grossmann LLP and Kaplan Fox & Kilsheimer LLP ("Lead Counsel") have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. **Final Class Certification:** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally certifies solely for the purpose of effectuating this Settlement, a class of all persons or entities who purchased or acquired Ambac securities in or traceable to the February 2007 Directly-Issued Subordinated Capital Securities offering. Excluded from the Class are: (a) Ambac; (b) the Defendants; (c) members of the immediate families of any Defendant; and (d) the legal representatives, heirs, successors or assigns of any of the foregoing excluded persons or entities. Also excluded from the Class are the persons and entities set forth in Exhibit A hereto, who or which properly excluded themselves by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice.

5. **Adequacy of Representation:** Plaintiffs and Lead Counsel have fully and adequately represented the Class for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g). For purposes of the Settlement only, the Plaintiffs are certified as class representatives on behalf of all Class Members and the law firms of Bernstein Litowitz Berger & Grossmann LLP and Kaplan Fox & Kilsheimer LLP are certified as Class counsel.

6. **Notice:** The Court finds that the distribution of the Notice and the publication of the Publication Notice: (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice reasonably practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the Settlement (including the releases provided for therein), of the proposed Plan of Allocation, of Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses incurred in connection with the prosecution of the Action, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses, of their right to exclude themselves from the Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4, et seq.), and all other applicable law and rules.

7. **Final Settlement Approval and Dismissal of Claims:** Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement as set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the releases provided for therein and the dismissal with prejudice of any and all Settled Claims against each and every one of the Released Parties) and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the best interests of Plaintiffs and the Class.

8. The Action and all of the claims against the Underwriter Defendants by the Class Members and Plaintiffs are hereby dismissed on the merits and with prejudice, as of the Effective Date. The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9. **Binding Effect:** The terms of the Stipulation and of this Judgment shall be forever binding on Plaintiffs and all Class Members, as well as all of their successors and assigns. The Settling Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

10. **Releases:** The releases as set forth in paragraphs 3, 4 and 5 of the Stipulation (the "Releases"), together with the definitions contained in Paragraph 1 of the Stipulation relating thereto are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date unless otherwise indicated in the Stipulation. Accordingly, this Court orders that, as of the Effective Date:

(a) Lead Plaintiffs and Plaintiff Painting Industry Insurance and Annuity Funds on behalf of themselves, and each Class Member by operation of this Judgment, shall be deemed to have released and forever discharged each and every

Settled Claim as against the Released Parties and shall forever be barred and enjoined from filing, commencing, instituting, prosecuting, intervening in any proceeding to assert, or maintaining any of the Settled Claims against any of the Released Parties.

(b) The Underwriter Defendants by operation of this Judgment, shall be deemed to have released and forever discharged each and every Released Parties' Claim as against the Plaintiffs and all other Class Members, and shall forever be barred and enjoined from filing commencing, instituting, prosecuting, intervening in any proceeding to assert, or maintaining any of the Released Parties' Claims against any of the Plaintiffs or other Class Members.

(c) The Underwriter Defendants, by operation of this Judgment, shall be deemed to have released claims and claims over for contribution or indemnity (or any other claim or claim-over, however denominated on whatsoever theory) against Ambac and the Individual Defendants in connection with the action encaptioned *In re Ambac Financial Group, Inc. Securities Litigation*, No. 08-cv-411-NRB (S.D.N.Y.), the action encaptioned *Tolin* v. *Ambac Financial Group, Inc. et al.*, No. 08-cv-11241-CM (S.D.N.Y.), and any other actions arising out of the same subject matter; provided, however, that nothing in this sub-paragraph shall release or alter the contractual rights, if any, (i) between or among the Underwriter Defendants under their applicable Agreement Among Underwriters relating to any offering of securities by Ambac, or (ii) between the Underwriter Defendants, on the one hand, and Ambac, on the other hand, under any applicable Underwriting Agreements with respect to any right of indemnification in connection with the payment of the Settlement Amount or incurrence of defense costs, which claims as between the Underwriter Defendants and Ambac are not barred, released

or discharged by the Judgment. The release provided in this subparagraph (c) shall become effective only in the event (i) the Effective Date occurs for both the Settlement and the Ambac Settlement, and (ii) the Ambac Settlement provides for entry of a judgment with a comparable release of the Underwriter Defendants and that release has become or contemporaneously becomes effective.

11. **Bar Order:** The Court hereby (a) permanently bars, enjoins and restrains any person or entity from commencing, prosecuting, or asserting any Barred Claims against any of the Released Parties, whether as claims, cross-claims, counterclaims, third-party claims, or otherwise, and whether asserted in the Action or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere; and (b) permanently bars, enjoins, and restrains the Released Parties from commencing, prosecuting, or asserting any Barred Claims against any person or entity, whether as claims, cross-claims, counterclaims, third-party claims or otherwise, and whether asserted in the Action or any other proceeding, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere.

12. **Judgment Reduction:** Any final verdict or judgment that may be obtained by or on behalf of the Class or a Class Member against any person or entity subject to the Bar Order shall be reduced by the greater of: (i) an amount that corresponds to the percentage of responsibility of the Underwriter Defendants for common damages; or (ii) the amount paid by or on behalf of the Underwriter Defendants to the Class or Class Member for common damages.

13. **Rule 11 Findings:** The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action. The Court further finds that Plaintiffs and Lead Counsel adequately represented the Class Members for purposes of entering into and implementing the Settlement.

14. **No Admissions:** Neither this Judgment, the Stipulation, nor any of their terms and provisions, nor any of the negotiations or proceedings connected therewith, nor any of the documents or statement referred to therein shall be:

(a) admissible in any action or proceeding for any reason, other than an action to enforce the terms of the Settlement or this Judgment;

(b) described as, construed as, offered or received against any Released Party as evidence of and/or deemed to be evidence of any presumption, concession, or admission by any Released Party of: the truth of any fact alleged by Plaintiffs; the validity of any claim that has been or could have been asserted in the Action or in any litigation; the deficiency of any defense that has been or could have been asserted in the Action or in any litigation; or any liability, negligence, fault, or wrongdoing of any Released Party;

(c) described as, construed as, offered or received against Lead Plaintiffs or any Class Member as evidence of any infirmity in the claims of said Lead Plaintiffs and the Class or that damages recoverable in the Action would not have exceeded the Settlement Amount;

(d) described as, construed as, offered or received against any of the Settling Parties in any other civil, criminal or administrative action or proceeding; provided, however, that (i) if it is necessary to refer to the Stipulation or this Judgment to effectuate the provisions of the Stipulation or this Judgment, it may be referred to in such proceedings, and (ii) the Released Parties may refer to the Stipulation or this Judgment to effectuate the liability protection granted them hereunder; or

(e) described as or construed against any of the Released Parties, Plaintiffs or any other Class Member as an admission, concession or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

15. **Retention of Jurisdiction:** Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Settling Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) the Class Members for all matters relating to the Action; and (e) any motion to approve the Plan of Allocation and the Class Distribution Order.

16. Any plan of allocation submitted by Lead Counsel or any order entered regarding any motion for attorneys' fees and expenses filed by Lead Counsel shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

17. **Modification of Settlement Agreement:** Without further approval from the Court, Lead Plaintiffs and the Underwriter Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate this Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiffs and the Underwriter Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18. **Entry of Final Judgment:** There is no just reason to delay the entry of this Judgment as a final judgment as against the Underwriter Defendants. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment as against the Underwriter Defendants pursuant to Federal Rule of Civil Procedure 54(b).

19. **Termination:** If the Effective Date does not occur or the Stipulation is terminated, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Stipulation.

SO ORDERED this 28th day of September 2011.

THE HONORABLE NAOMI R. BUCHWALD
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

IN RE AMBAC FINANCIAL GROUP, INC. SECURITIES LITIGATION — 08 Civ. 411 (NRB)

----------------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

The attached is to be filed also in the following cases (these cases are to be closed as well):

08 CV 1273

08 CV 1825

08 CV 1918

08 CV 6602

08 CV 11241