UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

IN RE AMBAC FINANCIAL GROUP, INC. SECURITIES LITIGATION:

Case No. 08-cv-00411-NRB

------------------------------------------------------------x

STANLEY TOLIN and EDWARD WALTON, Individually and On Behalf of All Others Similarly Situated,

Plaintiffs,

v.

AMBAC FINANCIAL GROUP, INC., ROBERT J. GENADER and SEAN T. LEONARD,

Defendants.

Case No. 08-cv-11241-CM

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/28/11

------------------------------------------------------------X

**JUDGMENT APPROVING CLASS ACTION SETTLEMENT WITH AMBAC AND THE INDIVIDUAL DEFENDANTS**

WHEREAS, the Lead Plaintiffs in *In re Ambac Financial Group, Inc. Securities Litigation* ("the Action"), the Public School Teachers' Pension & Retirement Fund of Chicago, Arkansas Teacher Retirement System, and Public Employees' Retirement System of Mississippi; Plaintiff Painting Industry Insurance and Annuity Funds; and plaintiffs in *Tolin v. Ambac Financial Group, Inc. et al.* (the "Tolin Action"), Stanley Tolin and Edward Walton (collectively, "Plaintiffs"), on behalf of themselves and the members of the Class, and Defendant Ambac Financial Group, Inc. ("Ambac" or the "Company") and the Individual Defendants (collectively the "Ambac Defendants" and, together with Plaintiffs, the "Settling Parties") entered into a Stipulation of Settlement between Plaintiffs and the Ambac Defendants dated as of May 4, 2011 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted in the above-referenced litigation (the "Securities Actions") against the Ambac Defendants on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement"); and

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation[1]; and

WHEREAS, by Order dated June 14, 2011 (the "Preliminary Approval Order"), this Court (a) preliminarily approved the Settlement and certified a Class solely for purposes of effectuating this Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity either to exclude themselves from or object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement; and

WHEREAS, due and adequate notice has been given to the Class; and

---

[1] The Stipulation was subsequently amended by the following: First Amendment to the Stipulation of Settlement with Ambac and the Individual Defendants dated May 25, 2011, and the Second Amendment to the Stipulation of Settlement with Ambac and the Individual Defendants dated July 15, 2011 (collectively, the "Stipulation Amendments"). The definitions and other provisions of the Stipulation are subject to the Stipulation Amendments.

WHEREAS, the Court conducted a hearing on September 28, 2011, to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable and adequate and should therefore be approved; and (ii) whether a judgment should be entered dismissing the Action with prejudice as against the Ambac Defendants (the "Settlement Hearing"); and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the proposed Settlement, and the records in the Action, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction:** The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Settling Parties and each of the Class Members.

2. **Incorporation of Settlement Documents.** This Judgment incorporates and makes a part hereof: (a) the Stipulation; and (b) the Notice and the Publication Notice.

3. **Class Findings:** With respect to the Class set forth below, this Court finds only for the purpose of effectuating this Settlement and only as pertains to the claims asserted against Ambac and the Individual Defendants by Plaintiffs and the Class that the prerequisites for a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the members of the Class are so numerous that their joinder would be impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions; (c) the claims of Plaintiffs in the Action are typical of the claims of the Class; (d) Plaintiffs and their counsel, Bernstein Litowitz Berger & Grossmann LLP and Kaplan Fox & Kilsheimer LLP ("Lead Counsel") have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. **Final Class Certification.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finally certifies solely for the purpose of effectuating this Settlement, a class of all persons who purchased or otherwise acquired any Ambac securities, including Ambac equity or debt securities or options thereon, or any Structured Repackaged Asset-Backed Trust Securities, Callable Class A Certificates, Series 2007-1, STRATS(SM) Trust for Ambac Financial Group, Inc. Securities, Series 2007-1 ("STRATS") (collectively "Ambac Securities") in the period from October 19, 2005, through and including July 18, 2009. Excluded from the Class are: Defendants; members of the immediate families of any Defendant; and their legal representatives, heirs, successors or assigns. Also excluded from the Class are the persons and entities set forth in Exhibit A hereto, who or which properly excluded themselves by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Notice.

5. **Adequacy of Representation:** Plaintiffs and Lead Counsel have fully and adequately represented the Class for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g). For purposes of the Settlement only, the Plaintiffs are certified as class representatives on behalf of all Class Members and the law firms of Bernstein Litowitz Berger & Grossmann LLP and Kaplan Fox & Kilsheimer LLP are certified as Class counsel.

6. **Notice:** The Court finds that the distribution of the Notice and the publication of the Publication Notice: (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice reasonably practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the Settlement (including the releases provided for herein), of the proposed Plan of Allocation, of Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses incurred in connection with the prosecution of the Action, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses, of their right to exclude

themselves from the Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4, et seq.) (the "PSLRA"), and all other applicable law and rules.

7. **Final Settlement Approval and Dismissal of Claims:** Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement as set forth in the Stipulation in all respects and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the best interests of Plaintiffs and the Class.

8. As of the Effective Date: (i) the Action and all of the Settled Claims of Plaintiffs and any and all members of the Class against any and all Released Parties are dismissed with prejudice and without costs, and Plaintiffs and any and all members of the Class are permanently barred and enjoined from prosecuting any and all of the Settled Claims against any and all Released Parties; (ii) the Tolin Action shall be dismissed with prejudice pursuant to the stipulation of dismissal which is attached as Exhibit B hereto; and (iii) any claim or claim-over of any and all persons or entities (other than the Released Parties) for contribution or indemnity against any and all Released Parties arising out of the Securities Actions (or any other claim or claim-over, however denominated on whatsoever theory, whether by way of third- or subsequent-party complaint, cross-claim, separate action or otherwise, and whether under federal, state or common law, where the injury to the claiming person or entity arises out of the claiming person or entity's actual or threatened liability to the Plaintiffs or any Class Member arising out of the Securities Actions), is dismissed with prejudice and without costs. The Settling Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9. **Binding Effect:** The terms of the Stipulation and of this Judgment shall be forever binding on Plaintiffs and all Class Members, as well as all of their successors and

assigns. The Settling Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

10. **Releases:** The releases set forth in paragraphs 3-7 of the Stipulation (the "Releases"), together with the definitions contained in Paragraph 1 of the Stipulation relating thereto are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date unless otherwise indicated in the Stipulation. Accordingly, this Court orders that, as of the Effective Date:

(a) Plaintiffs on behalf of themselves, and each Class Member by operation of this Judgment, release, and are deemed by operation of law to have fully, finally and forever released, relinquished, waived, discharged and dismissed each and every Settled Claim Against Ambac and Individual Defendants, and are forever enjoined and barred from prosecuting any and all Settled Claims Against Ambac and Individual Defendants, against any Released Party. Plaintiffs further covenant on their own behalf and on behalf of the Class not to sue any Released Party on the basis of any of the Settled Claims Against Ambac and Individual Defendants or to assist any person in commencing or maintaining any suit relating to any Settled Claim Against Ambac and Individual Defendants, including any derivative suit.

(b) Each of the Released Parties, by operation of this Judgment, release, and are deemed by operation of law to have released, waived, discharged and dismissed, each and every of the Released Parties' Claims, and are forever enjoined from prosecuting any and all of the Released Parties' Claims against Plaintiffs, their officers, directors, employees, agents and attorneys, and all other Class Members. No provision of this Judgment represents or shall be deemed to represent a release by the Released Parties of any claim against the D&O Insurers; any such releases will be set out solely in the Insurer Agreement.

(c) The Individual Defendants release and discharge Ambac of and from any right of indemnity with respect to the Settled Claims Against Ambac and the Individual Defendants that are released under the terms of the Stipulation, except as otherwise provided (i) in the Stipulation, (ii) in the Insurer Agreement, or (iii) in this Judgment.

(d) Ambac and the Individual Defendants, by operation of this Judgment, shall be deemed to have released claims and claims over for contribution or indemnity (or any other claim or claim-over, however denominated on whatsoever theory) against the Underwriter Defendants in connection with the action encaptioned *In re Ambac Financial Group, Inc. Securities Litigation*, No. 08-cv-411-NRB (S.D.N.Y.), the action encaptioned *Tolin v. Ambac Financial Group, Inc. et al.*, No. 08-cv-11241-CM (S.D.N.Y.), and any other actions arising out of the same subject matter; provided, however, that nothing in this subparagraph shall alter the contractual rights, if any, between Ambac, on the one hand, and the Underwriter Defendants, on the other hand, under any applicable Underwriting Agreements with respect to any right of indemnification in connection with the payment of the Settlement Amount or incurrence of defense costs, which claims as between Ambac and the Underwriter Defendants are not barred, released, or discharged by the Judgment (including paragraph 12 of the Judgment). The release provided in this subparagraph (d) shall become effective only in the event (i) the Effective Date occurs for both the Ambac Settlement and the parallel settlement between the Underwriter Defendants and certain of the Plaintiffs (the "Underwriter Settlement"), and (ii) the Underwriter Settlement provides for entry of a judgment with a comparable release of Ambac and the Individual Defendants and that release has become or contemporaneously becomes effective.

(e) Notwithstanding any other provision to the contrary herein, nothing in the Stipulation or this Judgment is intended to, and this Settlement and Stipulation do not, reflect or effect a release of RLI Insurance Company by any party.

11. If Plaintiffs on their own behalf, or on behalf of all or some portion of the Class, enter into a settlement with any other defendant named in the Securities Actions other than Ambac and the Individual Defendants, or any party who is or may be added as a defendant in the Securities Actions or Derivative Actions or named or claimed against in any other action arising out of, or which is in any way related to the Settled Claims Against Ambac and Individual Defendants, or any other party acting for or on behalf of such defendant or party (collectively, "Other Settling Party"), counsel for Plaintiffs or all or such portion of the Class (if a settlement

on behalf of all or such portion of the Class) shall obtain from such Other Settling Party releases of claims (including any claims for attorneys' fees, expenses or costs in this litigation) or claims-over of such Other Settling Party against the Released Parties and, upon Lead Counsel's request, and contingent upon there being a Final (as defined in the Stipulation) judgment in such other action, the Released Parties will deliver a comparable release of their claims (including any claims for attorneys' fees, expenses or costs in this litigation) or claims-over against such Other Settling Party, except that such comparable releases of the Released Parties and of such Other Settling Parties shall not extend to claims or claims-over arising out of any claim which is not covered by the respective settlements of such parties. Such releases shall be contingent upon the occurrence of both the Effective Date of the Settlement having occurred and a Final order(s) having been issued approving the settlement with such Other Settling Party. Except as provided herein or in the Stipulation, the Released Parties are not otherwise by this Settlement releasing or agreeing to release any claims or claims-over the Released Parties now have or may have in the future against any person or entity not a party to the Stipulation. Counsel to the Class shall obtain court approval of all other settlements and shall give the Released Parties sufficient notice of any proceedings in connection with such other settlements so as to permit the Released Parties to timely object to the extent necessary to enforce their rights.

12. **Bar Order:** The Court hereby permanently bars, enjoins and restrains any individual or entity (other than the Released Parties), including but not limited to other defendants in the Securities Actions, either directly, representatively, or in any other capacity, from instituting or prosecuting or continuing to prosecute against any and all Released Parties, any claim or claim-over for contribution or indemnity arising out of the Securities Actions (or any other claim or claim-over, however denominated on whatsoever theory, whether by way of third- or subsequent-party complaint, cross-claim, separate action or otherwise, and whether under federal, state or common law, where the injury to the claiming person or entity arises out of the claiming person or entity's actual or threatened liability to the Plaintiffs or any Class Member arising out of the Securities Actions).

13. **Judgment Reduction:** Any final verdict or judgment that may be obtained by Plaintiffs or any other members of the Class as against any persons or entities, including but not limited to one or more of the defendants in the Securities Actions, on a claim with respect to which such person or entity would have (but for the contribution bar ordered herein) a legally valid and enforceable right to contribution from a Released Party, and which is in connection with, arising out of, or which is in any way related to (i) the offer, purchase, sale, transfer or retention of any Ambac Securities purchased or otherwise acquired during the Class Period, or (ii) any registration statement, preliminary prospectus, prospectus, SEC filings, disclosures, or oral or written representations or omissions related to any Ambac Securities purchased or otherwise acquired during the Class Period or to any offer, purchase, sale, transfer or retention of any Ambac Securities purchased or otherwise acquired during the Class Period, or (iii) any negligence, breach of fiduciary duty, misrepresentation, breach of contract, or other misconduct related to any Ambac Securities purchased or acquired during the Class Period, shall be reduced by the greater of (x) an amount that corresponds to the percentage of responsibility of the Released Party for the loss to such plaintiff(s) or (y) the amount paid or to be paid by or on behalf of the Released Party to such Plaintiff(s) or any other members of the Class in connection with the Settlement.

14. If necessary in order to further effectuate the intention of the parties that the Released Parties shall have no liability to any person or entity for contribution or indemnification with respect to any claim by Plaintiffs or any other member of the Class against any person or entity with respect to the Settled Claims, Plaintiffs, the Class and each member of the Class (i) shall reduce or credit against any judgment or settlement he, it or they may obtain against any person or entity the full amount of any judgment or settlement such person or entity may obtain against any Released Parties on any claims-over on whatsoever theory (whether by way of third- or subsequent-party complaint, cross-claim, separate action or otherwise) in connection with, arising out of, or which is in any way related to the Settled Claims, including but not limited to claims-over that have been, could have been or could in the future be alleged in the Securities

Actions or in any other action; and (ii) shall obtain from such person or entity for the benefit of the Released Parties a satisfaction in full of such person's or entity's judgment or settlement against the Released Party.

15. **Rule 11 Findings:** The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action and the Tolin Action. The Court further finds that Plaintiffs and Lead Counsel have adequately represented the Class Members for purposes of entering into and implementing the Settlement.

16. **No Admissions:** The Stipulation, including exhibits, all negotiations, discussions, drafts and proceedings in connection with the Settlement, this Judgment, and any act performed or document signed in connection with the Settlement:

(a) shall not be offered or received against any of the Released Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Parties with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted against any of the Released Parties in the Securities Actions or in any litigation, in this or any other court, administrative agency, arbitration forum or other tribunal, or of any liability, negligence, fault or other wrongdoing of any kind of any of the Released Parties to Plaintiffs, the Class or anyone else;

(b) shall not be offered or received against any of the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Parties, or against the Released Parties, Plaintiffs or any Class Member(s) as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Securities Actions;

(c) shall not be offered or received against any of the Released Parties, or against the Plaintiffs or any other Class Member(s), as evidence of a presumption, concession or

admission with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason or purpose as against any of the Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if the Stipulation is approved by the Court, any Released Party may file the Stipulation, this Judgment, any Claim Form submitted by a Class Member, and/or the Dismissal Order in any action for any purpose, including, but not limited to, in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release and discharge, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

(d) shall not be construed against any of the Released Parties, Plaintiffs or any other Class Member(s) as an admission, concession or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e) shall not be construed against Plaintiffs or any other Class Member(s) as an admission, concession or presumption that any of their claims are without merit or that damages recoverable under the Securities Actions would not have exceeded the amount of the Settlement Fund.

17. **Retention of Jurisdiction:** Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Settling Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) the Class Members for all matters relating to the Action and the Tolin Action; and (e) any motion to approve the Plan of Allocation and the Class Distribution Order.

18. Any plan of allocation submitted by Lead Counsel or any order entered regarding any motion for attorneys' fees and expenses filed by Lead Counsel shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

19. **Modification of Settlement Agreement:** Without further approval from the Court, Lead Plaintiffs and the Ambac Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate this Settlement that: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiffs and the Ambac Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

20. **Entry of Final Judgment:** There is no just reason to delay the entry of this Judgment as a final judgment dismissing the Tolin Action and dismissing the Action as against the Ambac Defendants pursuant to Federal Rule of Civil Procedure 54(b). Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment dismissing the Tolin Action and dismissing the Action as against the Ambac Defendants pursuant to Federal Rule of Civil Procedure 54(b).

21. **Termination:** If the Effective Date does not occur or the Stipulation is terminated, then this Judgment (and any orders of the Court relating to the Settlement) shall be vacated, rendered null and void and be of no further force or effect, except as otherwise provided by the Stipulation.

SO ORDERED this 28th day of September, 2011.

Naomi Reice Buchwald

THE HONORABLE NAOMI REICE BUCHWALD
United States District Judge

# EXHIBIT A

## REQUESTS FOR EXCLUSION - COMPLIANT

| No. | Name/Entity |
|---|---|
| 3 | Jordan D. Jacobsen |
| 5 | Judy Ehrenreich |
| 6 | Edith Naiser |
| 8 | Gerd Gremmers |
| 9 | William Pullam |
| 10 | Ryan E Mathis & Deborah S Mathis |
| 11 | Thomas Lee Montgomery & Coanna F. Montgomery |
| 18 | The Anschutz Corporation |
| 22 | Bryan Armentrout |
| 23 | Michel Farmer |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

IN RE AMBAC FINANCIAL GROUP, INC. SECURITIES LITIGATION — 08 Civ. 411 (NRB)

----------------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

The attached is to be filed also in the following cases (these cases are to be closed as well):

08 CV 1273

08 CV 1825

08 CV 1918

08 CV 6602

08 CV 11241